UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RONNIE B. WALKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:12-cv-1717-TWP-TAB |
| ) | |
| CAROLYN W. COLVIN, Commissioner ) | |
| of the Social Security Administration, ) | |
| ) | |
| Defendant.[1] ) | |

### ENTRY ON DEFENDANT'S MOTION TO DISMISS

The Commissioner of the Social Security Administration ("Commissioner") requests dismissal of a Complaint filed by Plaintiff Ronnie B. Walker ("Mr. Walker"). For the following reasons, the Commissioner's Motion to Dismiss (Dkt. 10) is **GRANTED**.

### I. BACKGROUND

On June 4, 2009, Mr. Walker protectively filed a Title II application for a period of disability and disability insurance benefits. The application was denied initially and upon reconsideration. Mr. Walker filed a written request for hearing on November 24, 2009, which was held on April 21, 2011 by Administrative Law Judge Stephen E. Davis ("the ALJ"). On June 17, 2011, the ALJ issued a decision concluding that Mr. Walker was not disabled under the Social Security Act ("the Act") from November 22, 2006 through September 30, 2009, the last date insured.

Mr. Walker requested review of this decision from the Appeals Council, which was denied on September 12, 2012, making the ALJ's decision the final decision of the

---

[1] On February 14, 2013, Carolyn W. Colvin became Acting Commissioner of the Social Security Administration. Under Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin is automatically substituted as the Defendant in this suit. No further action is necessary to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405 (g).

Commissioner for the purposes of judicial review.  On that same day, a notice of denial ("the Notice") was sent to Mr. Walker at his home address.  The Notice informed Mr. Walker of his opportunity to file a civil action within sixty days, which was to commence five days after the date of the Notice.  He was also informed of his opportunity to ask the Appeals Council to extend the time to file an appeal.

Proceeding *pro se*, Mr. Walker filed a Complaint for judicial review in this Court on November 21, 2012.  (Dkt. 1.)  The Commissioner filed a Motion to Dismiss the Complaint on February 1, 2013.  (Dkt. 10.)  This Court issued an Order on February 19, 2013, notifying Mr. Walker of the opportunity to respond to the Commissioner's Motion through March 11, 2013.  (Dkt. 11.)  No response has been filed to the Commissioner's Motion.

## II.  LEGAL STANDARD

The Social Security Act provides for judicial review of the Commissioner's denial of benefits.  42 U.S.C. § 405(g).  However, the Act requires that any request for review of such decision must be "commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." *Id.* According to Social Security regulations, the sixty-day period begins to run five days after the date on the notice of denial, unless the claimant shows that the denial was not received within the five-day period.[2]  20 C.F.R. § 416.1401; 422.210(c).  A party to an Appeals Council decision or denial of review may request an extension of time for filing an action in federal district court, which must be in writing and give the reasons for "why the action was not filed within the stated

---

[2] The sixty-day limitation period is counted with reference to calendar days, including weekends and holidays. *Burton v. Comm'r of Soc. Sec.*, No. 10-CV-14040, 2011 WL 3862326, at *1 (E.D. Mich. Aug. 31, 2011).  The five day mailing period has also been interpreted to include weekends. *See Crites v. Astrue*, No. 1:12-CV-00882-MJD-JMS, 2012 WL 5997928, at *2 (S.D. Ind. Nov. 30, 2012).  However, "[i]f the appeals period ended on a weekend day, the appellant accordingly would have until the following Monday in which to timely file." *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007).

time period." 20 C.F.R. § 404.982. Additionally, "[t]he 60 day statutory filing period may be subject to waiver, estoppel, or equitable tolling." *Williamson v. Astrue*, No. 4:12-CV-00019-TWP-DML, 2012 WL 4357871, at *2 (S.D. Ind. Sept. 24, 2012) (citing *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982)).

The period of limitations in § 405(g) serves a valuable purpose and must be strictly construed. *See Bowen v. City of New York*, 476 U.S. 467, 481 (1986) (noting that "[i]n addition to serving its customary purpose, the statute of limitations embodied in § 405(g) is a mechanism by which Congress was able to move cases to speedy resolution in a bureaucracy that processes millions of claims annually"); *Easterly v. Astrue*, No. 1:09-CV-0844-SEB-DML, 2010 WL 3702654, at *2 (S.D. Ind. Sept. 8, 2010) (citing *Bowen*, 476 U.S. at 479). *See also Berg v. Bowen*, 699 F. Supp. 184 (S.D. Ind. 1988) (granting dismissal because the action was filed at least two days later than the limitation period in section 405(g) and "no facts [were] brought forward indicating the period should be extended"); *Bowlin v. Astrue*, No. 08-CV-00750-DGW, 2010 WL 5113987, at *2-3 (S.D. Ill. Dec. 9, 2010) (granting dismissal when the complaint was filed seven days after the end of the limitation period and the facts did not support equitable tolling).

### III.   DISCUSSION

The Commissioner argues the Complaint should be dismissed because it was not timely filed.[3] The Court agrees. The Appeals Council's notice of denial was dated September 12, 2012. Sixty-five days after September 12, 2012 is November 16, 2012, which was the final day for Mr.

---

[3] The Commissioner also makes a veiled jurisdictional argument asserting that the Complaint is not subject to judicial review. (*See* Dkt. 10 at 1-3.) However, the Supreme Court has determined that the sixty-day requirement is not jurisdictional; instead, it constitutes a period of limitations. *Bowen*, 476 U.S. at 478 (citing *Mathews v. Eldridge*, 424 U.S. 319, 328 n.9 (1976); *Weinberger v. Salfi*, 422 U.S. 749, 764 (1975)). Thus, because the sixty-day requirement is a period of limitations, the disposition of this case is controlled by adjudication of the Commissioner's second argument, the untimeliness of filing.

Walker to file a complaint before this Court.[4]  However, Mr. Walker did not file his Complaint until November 21, 2012, rendering his action barred by the period of limitations in § 405(g). Additionally, there is no evidence in the record of a request for an extension of time to file an action in federal court.  (Dkt. 10-1 at 3.)  Further, Mr. Walker has presented no evidence of a waiver of the sixty day requirement, no basis for estoppel, or a reason for equitable tolling of the period of limitations.  Thus, Mr. Walker's Complaint was untimely and must be dismissed.

## IV.  **CONCLUSION**

In this case, Mr. Walker's Complaint was untimely under the limitation period set forth in § 405(g) and 20 C.F.R. § 422.210(c).   For the foregoing reasons, the Commissioner's Motion to Dismiss (Dkt. 10) is **GRANTED**.

**SO ORDERED**.

Date:  06/06/2013

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Ronnie B. Walker, Sr.
11607 Hornickel Court
Indianapolis, Indiana  46235

Thomas E. Kieper
OFFICE OF THE UNITED STATES ATTORNEY
tom.kieper@usdoj.gov

---

[4] The Complaint would still be untimely if the five day mailing period referred to business days instead of calendar days.  Five business days after September 12, 2012 is September 19, 2012.  Sixty calendar days after September 19, 2012 is November 18, 2012, which is a Sunday.  Because the deadline falls on a weekend, the last date for filing a complaint would be extended to Monday, November 19, 2012.  Mr. Walker did not file his complaint until November 21, 2012, which is still two days after the limitations deadline.